# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kappers Fabricating, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> E-go bike, LLC, d/b/a Ecotric/Seven Blacksmiths, <br><br> Defendant. | Court File No. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Kappers Fabricating, Inc., for its Complaint against E-go bike, LLC, d/b/a Ecotric/Seven Blacksmiths (collectively referred to as "E-go"), states and alleges as follows:

## THE PARTIES

1.      Kappers Fabricating, Inc. ("KFI") is a Minnesota business corporation with its principal place of business in Spring Valley, Minnesota. KFI has been in business since 1986, specializing in fabricating parts and assemblies made of carbon steel, stainless steel, aluminum, and extruded metal from design to finished product. KFI's products are sold throughout the United States.

2.      Upon information and belief, E-go is a California for-profit limited liability company with its principal place of business at 7307 Edgewater Drive, Unite D/E,

Oakland, California.  E-go is an online based retailer of manufactured goods.  It sells its goods across the United States and Canada, including the State of Minnesota.  It does business as "Ecotric," "Egobike," "Ego Bike," and "Sevenblacksmiths."  It uses websites including Amazon.com, Ecotric.com, and Sevenblacksmiths.com.

## JURISDICTION AND VENUE

3. This is an action for unfair competition and deceptive trade practices in violation of the Lanham Act, the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.*, and the common law.

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), and 15 U.S.C. § 1121(a) (actions arising under the Lanham Act).  The Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over E-go because, among other reasons, E-go regularly conducts business in the District of Minnesota, has purposefully directed infringing acts to this District, or has otherwise availed itself of the privileges and protections of the laws of the State of Minnesota, such that this Court's assertion of jurisdiction over Ecotric does not offend traditional notions of fair play and due process.

6. Among other things, E-go has advertised, offered to sell, and sold its products that are the subject of this case within the District of Minnesota.  E-go has advertised, offered to sell, and sold those products through its websites, which are available to ship anywhere in the United States, and which citizens of Minnesota access and purchase.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because E-go is subject to personal jurisdiction in this judicial district and, on information and belief, has committed acts of unfair competition and deceptive trade practices in this District.

## COUNT I
### Violation of Section 43(a) of the Lanham Act
### (15 U.S.C. § 1125)

8. KFI re-alleges the preceding paragraphs as though set forth fully herein.

9. Without KFI's knowledge or consent, E-go reverse-engineered KFI products and marketed, advertised, offered for sale, and sold those products on website(s) using KFI's unique product numbers, KFI's name, or a combination of the two. Furthermore, E-go substantially and materially copied and reproduced KFI's owner's manuals, including the images and diagrams contained in those manuals, and distributed the same with E-go products.

10. Section 43(a) of the Lanham Act provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which— **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

11. E-go's advertising, marketing, offering for sale, and sale of its products using KFI's unique product numbers, KFI's name, and/or KFI's owner's manuals constitutes unfair competition and false designation of affiliation, connection, or association, or as to the origin, sponsorship, or approval of its goods, that is likely to deceive customers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

12. E-go's conduct proximately caused injury to KFI's commercial interest in sales and customers and its business reputation.

13. E-go's actions have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

14. E-go's conduct is causing, and will continue to cause, serious and irreparable harm to KFI unless E-go is preliminarily and permanently enjoined by this Court.

15. KFI has suffered damages as a result of E-go's wrongful conduct in an amount in excess of $75,000 to be proven at trial, plus interest, costs, disbursements and attorney's fees.

## COUNT II
### Violation of Minnesota Deceptive Trade Practices Act
### (Minn. Stat. §§ 325D.44, *et seq*.)

16. KFI re-alleges the preceding paragraphs as though set forth fully herein.

17. E-go has advertised, promoted, marketed and sold its products using KFI's unique product numbers, KFI's name, and/or KFI's owner's manuals.

18. E-go's acts constitute deceptive trade practices in violation of Minnesota's Deceptive Trade Practices Act, Minn. Stat. § 325D.44, in that in the course of business E-go has:

> (1) passed off goods or services as those of another;
>
> (2) caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> (3) caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;
>
> (4) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; and
>
> (5) advertised goods or services with intent not to sell them as advertised.

19. E-go's actions have proximately caused and continue to cause harm to KFI in the form of lost sales and customers, harmed business reputation, and consumer deception.

20. E-go has willfully engaged in the above-described trade practices, knowing them to be deceptive.

21. As a result of E-go's wrongful conduct, KFI is entitled to a temporary and permanent injunction and attorneys' fees and costs under Minn. Stat. § 325D.45.

## COUNT III
## Unfair Competition

22. KFI re-alleges the preceding paragraphs as though set forth fully herein.

23. E-go's actions described above constitute unfair competition.

24. As a result of E-go's wrongful conduct, KFI is entitled to the injunctive remedies specified in the Prayer for Relief, damages in an amount in excess of $75,000 to

be proven at trial, applicable interest, and recovery of all reasonable attorneys' fees and costs incurred herein.

## COUNT IV
## Common Law Tradename and Trademark Infringement

25. KFI re-alleges the preceding paragraphs as though set forth fully herein.

26. E-go's actions described above constitute infringement of KFI's tradename and trademark in violation of the common law of Minnesota.

27. As result of E-go's wrongful conduct, KFI is entitled to the injunctive remedies specified in the Prayer for Relief, damages in an amount in excess of $75,000 to be proven at trial, applicable interest, and recovery of all reasonable attorneys' fees and costs incurred herein.

## COUNT V
## Unjust Enrichment

28. KFI re-alleges the preceding paragraphs as though set forth fully herein.

29. The actions of E-go complained of herein constitute unjust enrichment of E-go at the expense of KFI.

30. As a result of E-go's wrongful conduct, KFI is entitled to the injunctive remedies specified in the Prayer for Relief, damages in an amount in excess of $75,000 to be proven at trial, applicable interest and recovery of all reasonable attorneys' fees and costs incurred herein.

## JURY DEMAND

31. KFI demands a trial by jury on all counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, KFI respectfully requests the Court to:

1. Preliminarily and permanently enjoin E-go and its officers, agents, servants, directors, employees, affiliated entities, and those persons in active concert or participation with any of them, from:

    a. continuing to sell, offer, promote or advertise its products using KFI's unique product numbers, KFI's name, or KFI's owner's manuals;

    b. further violations of the Lanham Act;

    c. further violations of the Minnesota Deceptive Trade Practices Act; and

    d. further acts of unfair competition.

2. An award of three times KFI's actual damages pursuant to 15 U.S.C. § 1117(a);

3. Award damages for E-go's acts of unfair competition, common law tradename and trademark infringement, and unjust enrichment in an amount to be proven at trial;

4. Award the reasonable attorneys' fees, costs, and expenses KFI incurs in this action;

5. Grant KFI pre-judgment and post-judgment interest on KFI's damages, as allowed by law; and

6.Grant any other relief the Court deems just and equitable.

Dated: February 24, 2020.DUNLAP & SEEGER, P.A.

By:/s/ Ken D. Schueler
Ken D. Schueler
Registration No. 190378

Attorneys for Plaintiff
30 3rd Street SE, Suite 400
Post Office Box 549
Rochester, Minnesota 55903
Telephone: (507) 288-9111
Email: kds@dunlaplaw.com

1025879
478495

8