# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kappers Fabricating, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> E-go bike, LLC, d/b/a Ecotric/Seven Blacksmiths, <br><br> Defendant. | Case No. 0:20-CV-00664-SRN-HB <br><br> **AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT** |

The above-entitled matter came before the Honorable Susan Richard Nelson on Plaintiff's Motion for Default Judgment [Doc. No. 11]. A hearing was held on Plaintiff's motion on June 28, 2021. Plaintiff was represented by Douglas A. Boese of Dunlap & Seeger, P.A. Defendant made no appearance. Based upon the testimony presented, evidence provided, and arguments of counsel, the Court makes the following:

## FINDINGS OF FACT

1. Kappers Fabricating, Inc. ("KFI") is a Minnesota business corporation with its principal place of business in Spring Valley, Minnesota. KFI has been in business since 1986, specializing in fabricating parts and assemblies made of carbon steel, stainless steel, aluminum, and extruded metal from design to finished product. KFI's products are sold throughout the United States.

2. Defendant E-go bike, LLC d/b/a Ecotric/Seven Blacksmiths is a California for-profit limited liability company with its principal place of business at 7307 Edgewater

Drive, Unite D/E, Oakland, California. Defendant is an online based retailer of manufactured goods. It sells its goods across the United States and Canada, including the State of Minnesota. It does business as "Ecotric," "Egobike," "Ego Bike," and "Sevenblacksmiths." It uses websites including Amazon.com, Ecotric.com, and Sevenblacksmiths.com.

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), and 15 U.S.C. § 1121(a) (actions arising under the Lanham Act). The Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over E-go because E-go has advertised, offered to sell, and sold its products that are the subject of this case within the District of Minnesota, has advertised, offered to sell, and sold those products through its websites, which are available to ship anywhere in the United States, and which citizens of Minnesota access and purchase, has purposefully directed infringing acts to this District, and has otherwise availed itself of the privileges and protections of the laws of the State of Minnesota.

5. Defendant was personally served with process on April 15, 2020. (Summons & Return of Serv. [Doc. No. 4] at 2.)

6. Defendant has made no response.

7. Notice of this motion and hearing was mailed to Defendant at its business address. (Apr. 30, 2021 Certif. of Serv. [Doc. No. 16].)

8. Without KFI's knowledge or consent, Defendant reverse-engineered KFI products and marketed, advertised, offered for sale, and sold those products on website(s) using KFI's unique product numbers and copied and reproduced KFI's owner's manuals, including the images and diagrams contained in those manuals, and distributed the same with E-go products.

9. Defendant's advertising, marketing, offering for sale, and sale of its products using KFI's unique product numbers and KFI's owner's manuals constitutes unfair competition and false designation of affiliation, connection, or association, or as to the origin, sponsorship, or approval of its goods, that is likely to deceive customers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

10. Defendant's conduct proximately caused injury to KFI's commercial interest in sales and customers and its business reputation.

11. Defendant's actions have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

12. Defendant's acts constitute deceptive trade practices in violation of Minnesota's Deceptive Trade Practices Act, Minn. Stat. § 325D.44, in that in the course of business E-go has:

    (1) passed off goods or services as those of another;

(2) caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

(4) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; and

(5) advertised goods or services with intent not to sell them as advertised.

13. Defendant's actions have proximately caused and continue to cause harm to KFI in the form of lost sales and customers, harmed business reputation, and consumer deception.

14. Defendant has willfully engaged in the above-described trade practices, knowing them to be deceptive.

15. Defendant's actions described above constitute unfair competition.

16. Defendant's actions described above constitute infringement of KFI's tradename and trademark in violation of the common law of Minnesota.

17. 15 U.S.C. § 1116(d) subsection (a)(1) permits a court to award statutory damages in an amount between $1,000 and $200,000 when there is use of a counterfeit mark.

18. KFI has requested the court award it statutory damages.

19. Based on the evidence presented, the fair amount of statutory damages is $30,000.

20. Plaintiff is entitled to recover its attorney's fees and expenses because this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

21. The reasonable attorney's fees and expenses incurred by Plaintiff in prosecuting this case is $21,161.38.

22. The Lanham Act permits trebling of an award of damages in cases that involve a counterfeit mark unless the Court finds extenuating circumstances. 15 U.S.C. § 1117(b)

23. This case involves a counterfeit mark.

24. There are no extenuating circumstances that would make it inappropriate to award treble the damages in this case.

## **CONCLUSIONS OF LAW AND ORDER**

1. Plaintiff's Motion for Default Judgment [Doc. No. 11] is **GRANTED**.

2. Defendant E-go bike, LLC d/b/a Ecotric/Seven Blacksmiths, intentionally and deliberately advertised, offered for sale, and sold knock-off copies of products of KFI using the same unique product numbers and owner's manuals of KFI.

3. Defendant E-go bike, LLC d/b/a Ecotric/Seven Blacksmiths, its officers, agents, servants, directors, employees, affiliated entities, and those persons in active concert or participation with any of them, are permanently enjoined from:

    a. continuing to sell, offer, promote or advertise its products using KFI's unique product numbers, KFI's name, or KFI's owner's manuals;

    b. further violations of the Lanham Act;

    c. further violations of the Minnesota Deceptive Trade Practices Act; and,

    d. further acts of unfair competition.

4. KFI has been damaged by the wrongful and deliberate actions of Defendant.

5. KFI is entitled to damages of $30,000 from Defendant.

6. The damages awarded KFI will be trebled because of the willful, deliberate, and blatant infringement of the trademark of KFI.

7. KFI is entitled to its reasonable attorney's fees and the costs of this action in the sum of $21,161.38.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 14, 2021

BY THE COURT:

s/Susan Richard Nelson
Susan Richard Nelson
Unites States District Judge